# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
March 4, 2003 Session

## STATE OF TENNESSEE v. THADDAEUS MEDFORD

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6962     Joseph H. Walker, III, Judge**

---

**No. W2002-00226-CCA-R3-CD  - Filed October 21, 2003**

---

DAVID H. WELLES, J., dissenting.

I respectfully dissent from the majority's holding that the evidence is not sufficient to support the Defendant's conviction of possession of cocaine with intent to deliver. While the proof in this case is less than overwhelming, I would hold that the circumstantial evidence is sufficient for a reasonable juror to conclude beyond a reasonable doubt that the Defendant was the source of the cocaine found by the police officers. The only other explanation for the cocaine's presence on the roadside is that some unknown person placed it there, either intentionally or accidentally. While I agree that an accused's mere proximity to drugs is not <u>alone</u> sufficient to support a finding that the accused possessed them, there are additional circumstances in this case which are indicative of the Defendant's guilt. As acknowledged by the majority, the facts and circumstances supporting a conviction based solely on circumstantial evidence "must be so strong and cogent as to exclude every other <u>reasonable</u> hypothesis save the guilt of the defendant." <u>State v. Crawford</u>, 470 S.W.2d 610, 612 (Tenn. 1971) (emphasis added). I do not think that any other <u>reasonable</u> hypothesis explains the presence of the cocaine found in this case, other than the Defendant's possession of it.

Moreover, I believe that this Court <u>should</u> take into account the improbability of the Defendant's testimony when weighing the sufficiency of the evidence. This case presented the jury with a very narrow question: whether the Defendant was the source of the cocaine found by the police officers on the side of the road. The State had no direct proof that the Defendant had been in possession of the drugs. Rather, the State asked the jury to draw an inference from entirely circumstantial evidence that the Defendant had the drugs but dispossessed himself of them by throwing them out his car window while fleeing from the police. The Defendant testified that he did no such thing. If the jury had believed the Defendant, it would have acquitted him of the possession charge. Obviously, the jury did not believe the Defendant. That is, the jurors concluded that the Defendant was <u>lying</u> when he told them that he did not throw the cocaine out of his car.

On questions of credibility, a jury is entitled to conclude that a witness is not telling the truth. Furthermore, a jury "has a right to consider the defendant's lack of credibility in reaching its verdict"

and a defendant's "incredible story [is] another circumstance that the jury [is] entitled to consider." United States v. Tyler, 758 F.2d 66, 69 (2nd Cir. 1985). Inferences gleaned from a criminal defendant's own testimony may be relied upon by the fact-finder in reaching a guilty verdict, and an appellate court will likewise rely upon such inferences in conducting a review of the sufficiency of the evidence. See, e.g., State v. Hall, 958 S.W.2d 679, app. 705 (Tenn. 1997). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See State v. Carruthers, 35 S.W.3d 516, 558 (Tenn. 2000). One reasonable and legitimate inference that may be drawn from the jury's verdict in this case is that it determined that the contrary of the Defendant's testimony was, in fact, the truth. On a question as simple as whether or not a person had something in his car, the answer is either "yes, he did" or "no, he did not." There is no gray area. If the person testifies "I did not" and the jury concludes that the testimony is a lie, the necessary implication is that the person did. I believe that the necessary implication drawn by the jury in this case — that the Defendant had, indeed, thrown the cocaine out of his car — should be considered by this Court in its analysis of the sufficiency of the evidence. Further, I would hold that, under the facts and circumstances of this case, the State's proof combined with the necessary implication derived from the Defendant's testimony is sufficient to support the Defendant's conviction of possession of the cocaine.

This case is distinguishable from State v. William Earl Ramsey, C.C.A. No. 03C01-9203-CR-00070, 1993 WL 155693 (Tenn. Crim. App., Knoxville, May 13, 1993). In Ramsey, the defendant was accused of murdering the victim by inflicting ten stab wounds. The defendant did not testify, but a statement he made to the police was admitted into evidence. In his statement, the defendant denied killing the victim and blamed an intruder for the homicide. The State sought and obtained a conviction for first degree premeditated murder. On direct appeal, this Court overturned the conviction on the grounds that the evidence was not sufficient to support the essential element of premeditation. Importantly, this Court did not overturn the jury's determination that the defendant had killed the victim; rather, this Court reduced the defendant's conviction to second degree murder. This Court found only that the evidence was insufficient to support the element of premeditation, about which the defendant had offered absolutely no statement, and in support of which the State apparently offered no more proof than the number of stab wounds. As rightly recognized by this Court, the number of a murder victim's wounds is not, in and of itself, sufficient circumstantial evidence upon which to draw an inference of premeditation. See State v. Brown, 836 S.W.2d 530, 543 (Tenn. 1992).

In sum, the jury heard the Defendant testify that he did not throw the cocaine out of his car. The jury found the Defendant's testimony not credible and concluded that he did throw the cocaine out of his car. The jury was entitled to reach this conclusion. I believe that this Court should, in reviewing the sufficiency of the evidence, take into consideration the jury's determination that the Defendant testified untruthfully when he denied any knowledge of the cocaine. In so doing, I would find the evidence sufficient to support the Defendant's conviction of possession of cocaine with intent to deliver.

_____
DAVID H. WELLES, JUDGE